IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL NOONAN | § | |
| v. | § | CIVIL ACTION NO. 6:09cv132 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Michael Noonan, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the failure by prison officials to release him on mandatory supervision. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Noonan is serving concurrent sentences. One of these, a 20-year sentence from Travis County which was assessed in 1992, is eligible for mandatory supervision, while the other, an eight-year sentence for robbery which was assessed in 2003, is not. Although the eight-year robbery sentence is still active, Noonan nonetheless argues that he is eligible for release on mandatory supervision; he contends that the earlier 20-year sentence is "controlling" and should not be "subordinated" to the eight-year sentence, and so he should be eligible for release on mandatory supervision even though he is currently serving a sentence which renders him ineligible for consideration for mandatory supervision release.

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent argues that Noonan's claims are barred by the statute of limitations and that Noonan is not eligible for release on mandatory supervision because he is currently serving his robbery

1

conviction. In response, Noonan again says that the 20-year sentence is "controlling" because it is the decision which will keep him in confinement for the greatest amount of time.

Noonan cites Mabry v. State, 137 S.W.3d 58 (Tex.Crim.App. 2004). The majority opinion in that case held that the law in effect at the time of commission of an offense, rather than any later changes, controlled whether or not the offense was mandatory supervision eligible.

Noonan relies on dicta from a concurring opinion, in which Justice Keasler says that when an inmate has multiple convictions, there is one which governs his release date, whether this is the most recent, the longest sentence or has the least amount of time credits, and that the controlling conviction is the one which will keep the prisoner in custody for the greatest amount of time. Noonan points to this language to say that the 20-year sentence is "controlling."

On September 21, 2009, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that because Noonan was presently serving a sentence for which he was ineligible for release on mandatory supervision, he could not be released to that status regardless of whether or not he was also serving a conviction for which he was eligible for such release. The Magistrate Judge noted that the dicta from Justice Keasler's concurrence did not support Noonan's position, because that language said that the "controlling conviction" is the one which will keep the prisoner in custody the longest; here, the Magistrate Judge said, the robbery conviction has that effect by rendering him incapable of release on mandatory supervision, and thus will keep him in custody longer. The Magistrate Judge added that Noonan's contention that his sentences are being treated as consecutive was in error, noting that prison records show that he is serving multiple sentences, of which one renders him ineligible for release on mandatory supervision.

Noonan also raised claims concerning good time and work time credits, but the Magistrate Judge determined that these claims lacked merit as well. Such time credits only affect eligibility for release on parole or mandatory supervision, and in the present case, parole is not an issue and Noonan is ineligible for release on mandatory supervision because of the robbery conviction. The

Magistrate Judge therefore recommended that Noonan's petition be dismissed and that he be denied a certificate of appealability *sua sponte*.

Noonan filed objections to the Magistrate Judge's Report on October 8, 2009. In his objections, Noonan says that the Magistrate Judge "confused the issues" by ignoring conditions particular to the 20-year sentence, saying that

> In doing so, she must step outside the boundary upon which that definitive is founded and then 'piggy-back' the government code's prohibition against release upon mandatory supervision on the 8 year sentence as an antecedent condition which will then maintain custody of the petitioner in satisfaction of that definitive condition, through delay and denial of a vested interest in early release upon the 20-year term until such a time as the 8 year sentence is served day for day. Such oblique reasoning was not the intent of Mabry. Duration of confinement as such a linear measurement of time was the focus and conclusion reached.

Noonan also takes issue with the Magistrate Judge's characterization of Justice Keasler's statement as "dicta," saying that "it is a statement of law enunciated by the judge, essential to the decision rendered in the case at bar - it imparts a direct finding concerning control." In fact, Justice Keasler was speaking in a concurring opinion about a circumstance in which an inmate had multiple convictions, which Mabry, the petitioner in that case, did not.

Noonan says that he has been unable to find any case in which a prisoner with concurrent sentences was denied release on mandatory supervision where one sentence was mandatory supervision eligible and the other was not. In Ex Parte Webb, slip op. no. WR-60468-02 (Tex.Crim.App., Feb. 28, 2007) (available on WESTLAW at 2007 WL 602430), the petitioner claimed that he was being denied release on mandatory supervision because he was serving a conviction for indecency with a child that was being improperly classified as ineligible for mandatory supervision. The Court of Criminal Appeals determined that the petitioner was correct in that his indecency conviction was not mandatory-supervision ineligible, but that he was serving a concurrent sentence for sexual assault, which was mandatory-supervision ineligible. The Court of Criminal Appeals stated as follows:

> Therefore, although Applicant is technically eligible for mandatory supervision on the indecency conviction, he will not be released to mandatory supervision because of the concurrent sentence for the ineligible sexual assault conviction.

3

The same circumstance exists in the present case - although Noonan is technically eligible for release on mandatory supervision on his 1992 conviction, he is ineligible for such release on the 2003 conviction. Because of this 2003 conviction, therefore, Noonan cannot be released on mandatory supervision.

In fact, as the Magistrate Judge observed, the law in effect at the time of the commission of the robbery provides that an inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has previously been convicted of* various offenses, including a second-degree felony of robbery, the charge for which Noonan was convicted. Tex. Gov. Code art. 508.149(a)(11) (Vernon 2000). The question of whether Noonan will be eligible for release on mandatory supervision once his robbery sentence is completed, in light of this statute, is not before the Court at this time; however, it is clear that he cannot be released on mandatory supervision at any time while his robbery conviction is still active.

Noonan argues that each individual sentence should be treated individually, and so even if he cannot be released to mandatory supervision on his eight-year sentence, the "vested interest" on his 20-year sentence cannot be ignored, once the "minimum legislative time for parole eligibility" on the eight-year sentence has been achieved.

Finally, Noonan says that with regard to his work time and good time credits, the 20-year sentence will not simply "go away." He concedes that he is earning good time credits on his 20-year sentence and says that he remains eligible for release on mandatory supervision once his good time and flat time equal the length of the sentence, and that it is this "vested liberty interest" which he seeks to invoke. Noonan cites Madison v. Parker, 104 F.3d 765 (5th Cir. 1997); however, he fails to note that unlike Madison, he is ineligible for release on mandatory supervision because of the robbery conviction. So long as Noonan is ineligible for mandatory supervision because of the robbery conviction, he has no liberty interest is release to mandatory supervision, regardless of the fact that he may be serving another sentence for which he would be eligible for such release on the absence of the robbery conviction. Noonan's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Michael Noonan be and hereby is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of October, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**